IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE HARLAN<br>10754 Jeanes Street, 1st Floor<br>Philadelphia, PA  19116-3316,<br>                                    Plaintiff,<br><br>                vs.<br><br>NRA GROUP, LLC d/b/a NATIONAL<br>RECOVERY AGENCY<br>2491 Paxton Street<br>Harrisburg, PA  17111,<br>       And<br>BUSINESS OFFICE SOLUTIONS, a<br>division of NATIONAL RECOVERY<br>AGENCY<br>2491 Paxton Street<br>Harrisburg, PA  17111,<br>                                    Defendants. | CIVIL ACTION NO. |

## COMPLAINT

**I.   INTRODUCTION**

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2. The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

3. Defendants are subject to strict liability for sending a collection letter which violates the provisions of the FDCPA.

**II.   JURISDICTION**

4. Jurisdiction arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

**III.   PARTIES**

5. Plaintiff is Denise Harlan, a consumer who resides in Philadelphia, Pennsylvania at the address captioned.

6. Defendant NRA Group, LLC d/b/a National Recovery Agency is believed to be a Pennsylvania Corporation with a mailing address as captioned ("herein referred to as "NRA").

7. Defendant Business Office Solutions is a division of National Recovery Agency with a mailing address as captioned (collectively this Defendant and NRA are referred to as "Defendants").

8. Defendants regularly engage in the collection of consumer debts using the mails and telephone.

9. Defendants regularly attempt to collect consumer debts alleged to be due another.

10. Defendants are "debt collectors" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

**IV.   STATEMENT OF CLAIM**

11. On November 4, 2009, Defendants sent Plaintiff an initial communication with regard to the collection of a consumer debt alleged due. A copy of the November 4, 2009 letter is attached hereto as Exhibit "A" (redacted for privacy per Fed. R. Civ. Pro. 5.2).

12. 15 U.S.C. §1692g(a) provides that a debt collector must give a Notice of Validation Rights either in the initial communication or within five days of the initial communication. The Validation Notice must contain in part the following information:

> [A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, **the debt will be assumed to be valid by the debt collector**.

15 U.S.C. §1692g(3)(emphasis added).

13. Defendants' collection letter does not provide this language. Rather it provides:

"Unless you dispute this debt or any part thereof, within 30 days after receiving this notice, **the debt will be presumed to be valid**."

Ex. "A" (emphasis added).

14. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. §1692e and §1692e(10).

15. Defendants' statement that "the debt will be presumed to be valid" implies that someone other than the debt collector, such as a court, will presume the debt valid, which is a false and misleading representation in violation of the FDCPA.

16. Indeed, Section 1692g(c) of the FDCPA provides that "the failure of a consumer to dispute the validity of a debt under this section may not be construed by the any court as an admission of liability by the consumer."

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

18. Defendants' November 4, 2009 letter violates the FDCPA in the following ways:

   (a) by failing to provide the required validation notice required under 15 U.S.C. §1692g; and

   (b) by sending a false, deceptive, or misleading communications in violation of 15 U.S.C. §1692e and §1692e(10).

**WHEREFORE**, Plaintiff Denise Harlan demands judgment against Defendants NRA Group, LLC d/b/a National Recovery Agency and Business Office Solutions, a division of National Recovery Agency, jointly and severally, for:

    (a)    Damages;

    (b)    Attorney's fees and costs;

    (c)    Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 01/25/10

*/s/ Andrew M. Milz (AMM8059)*
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

**LUNDY, FLITTER, BELDECOS & BERGER, P.C.**
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0781

4