IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE HARLAN,<br><br>    Plaintiff,<br><br>  vs.<br><br>NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY<br>    And<br>BUSINESS OFFICE SOLUTIONS, a division of NATIONAL RECOVERY AGENCY,<br><br>    Defendants. | CIVIL ACTION NO. 10-CV-324(CMR) |

## **ORDER**

On this ___ day of _____ 2010, upon consideration of the Plaintiff's Motion for Judgment on the Pleadings (Doc. No. __), and Defendants' response thereto (Doc. No. ___), it is hereby ORDERED that said Motion is GRANTED and JUDGMENT as to liability is entered against Defendants NRA Group, LLC d/b/a National Recovery Agency and Business Office Solutions, a division of National Recovery Agency.

This matter shall proceed to an assessment of damages and reasonable counsel fees and costs to be awarded Plaintiff. The parties shall complete any discovery within sixty (60) days.

                                                                                         _____
                                                                                                                      U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE HARLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY<br>    And<br>BUSINESS OFFICE SOLUTIONS, a division of NATIONAL RECOVERY AGENCY,<br><br>    Defendants. | CIVIL ACTION NO. 10-CV-324(CMR) |

**PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS AS TO LIABILITY**

Pursuant to Fed.R.Civ.P. 12(c), Plaintiff Denise Harlan hereby moves the Court to enter Judgment on the pleadings as to liability against Defendants NRA Group, LLC d/b/a National Recovery Agency and Business Office Solutions, a division of National Recovery Agency in connection with the Defendant debt collector's communications to Plaintiff under the Fair Debt Collection Practices Act, 15 U.S.C. §1692g, e.

The attached Memorandum of Law is incorporated herein.

                                            Respectfully submitted:

Date:  May 26, 2010                         /s/ Andrew M. Milz (AMM8059)
                                            CARY L. FLITTER
                                            THEODORE E. LORENZ
                                            ANDREW M. MILZ
                                            Attorneys for Plaintiff

                                            LUNDY, FLITTER, BELDECOS &
                                            BERGER, P.C.
                                            450 N. Narberth Avenue
                                            Narberth, PA  19072
                                            (610) 822-0781

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE HARLAN,<br><br>                         Plaintiff,<br><br>         vs.<br><br>NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY<br>         And<br>BUSINESS OFFICE SOLUTIONS, a division of NATIONAL RECOVERY AGENCY,<br><br>                         Defendants. | CIVIL ACTION NO. 10-CV-324(CMR) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS AS TO LIABILITY**

**I.     INTRODUCTION**

On January 25, 2010, Plaintiff Denise Harlan ("Harlan") filed a Complaint against the Defendants asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692. Defendants are debt collectors who, during the course of attempting to collect an account alleged due, sent Plaintiff an initial collection letter which did not provide the statutorily required Notice of Validation Rights. 15 U.S.C. §1692g. The FDCPA validation notice requires the debt collector inform the consumer of important rights under the Act, including the right to dispute a debt. *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

The Act requires that the notice state that if the consumer fails to dispute within 30 days, the debt will be "<u>assumed</u> to be valid <u>by the debt collector</u>." §1692g(a)(3) (emphasis added). Defendants' notice incorrectly reads: "unless you dispute ... the debt will be presumed to be valid." (See Exhibit "A" hereto, the November 4, 2009 collection letter). Defendants' misstatement of the consumer's FDCPA validation rights is contrary to the language of the Act,

and implies that someone other than the debt collector, such as a court, may "presume" the debt valid. 15 U.S.C. §1692. As discussed *infra*, a nearly identical validation notice has been held by this Court to violate the FDCPA. *Smith v. Hecker*, 2005 WL 894812 (E.D. Pa. Apr. 18, 2005) (O'Neill, J.); *Nelson v. Select Fin. Servs.*, 430 F.Supp.2d 455 (E.D.Pa. 2006) (Dalzell, J.); *see also Galuska v. Collectors Training Institute of Illinois, Inc.*, 2008 WL 2050809 (M.D. Pa. May 13, 2008).

Plaintiff now moves for judgment on the pleadings as to liability pursuant to Fed. R. Civ. Pro. 12(c). As the pleadings and admissions therein establish liability, and there are no disputed issues of material fact, Plaintiff is entitled to judgment as a matter of law.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendants NRA Group, LLC d/b/a National Recovery Agency and Business Office Solutions, a division of National Recovery Agency ("NRA") are "debt collectors" subject to the FDCPA at all times relevant hereto. (Complaint ¶10 and Answer ¶10). On November 4, 2009, Defendants sent Harlan a letter seeking to collect a consumer debt alleged due Northeast Imaging. (Complaint ¶11 and Answer ¶11). A copy of Defendants' November 4, 2009 letter is attached to the Complaint and attached hereto as Exhibit A and states in pertinent part:

> "Unless you dispute this debt or any part thereof, within 30 days after receiving this notice, the debt will be presumed to be valid."

(Complaint ¶13 and Answer at ¶13). Harlan alleges that Defendants' statement in their November 4, 2009 letter that by failing to dispute the alleged debt "*the debt will be presumed to be valid*" violates the FDCPA. (Complaint ¶15).[1]

---

[1] NRA sets forth the affirmative defense of legal insufficiency. (See Doc. No. 5, Answer at 1st Aff'Def.). That defense is addressed herein. NRA also alleges fifteen (15) additional boilerplate Affirmative Defenses which are irrelevant to the case at bar and need not be addressed by Plaintiff. (See Answer at 2d through 16th Aff'Defs.).

On April 27, 2010, a telephone conference was held with the Court at which point the parties agreed to present the disputed question of law to the Court via judgment on the pleadings.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings is properly granted when the moving party establishes that there is no issue of material fact and that she is entitled to judgment as a matter of law. *Mele v. Federal Reserve Bank*, 359 F.3d 251, 253 (3d Cir. 2004); *Leaver v. Faumer*, 288 F.3d 532, 535 (3d Cir. 2002). As discussed below, there are no material issues of fact and plaintiff Harlan is entitled to judgment as a matter of law based upon the pleadings and admissions therein in connection with her FDCPA claims against Defendants. Consequently, Plaintiff Harlan's Motion for Judgment on the Pleadings should be granted as to liability, with the matter to proceed for an assessment of damages and award of counsel fees.

### IV. LEGAL ARGUMENT

#### A. The Court Applies a "Least Sophisticated Consumer" Analysis to Plaintiff's Claims Premised on a Deceptive Validation Notice

The FDCPA was enacted to curb abusive debt collection practices and to protect consumers from deceptive collection tactics. 15 U.S.C. §1692(c); *Rosenau v. Unifund*, 539 F.3d 218, 221 (3d Cir. 2008). The FDCPA is a remedial statute, where communications are assessed from the perspective of the least sophisticated consumer. *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006).

The FDCPA provides that a debt collector must give a Notice of Validation Rights either in the initial communication or within five days of the initial communication to the consumer. 15 U.S.C. §1692g(a). *Wilson v. Quadramed*, 225 F.3d 350, 354 (3d. Cir. 2000). These validation

rights include the right to verification (of the amount, original creditor, etc.) of a debt and the right to dispute[2] a debt. §1692g(a). Congress considered the validation notice to be a significant feature of the Act, passed in order to:

> "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 382, 95th Cong.2d Sess. 4, reprinted in 1977 U.S.Code Cong. & Admin.News 1695, 1699. It added the validation of debts provision specifically to ensure that debt collectors gave consumers adequate information concerning their legal rights. See id., 1977 U.S.Code Cong. & Admin.News at 1702.

*Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988); *see also Wilson*, 225 F.3d at 354 ("the debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law").

The Validation Notice must contain in part the following information:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, **the debt will be assumed to be valid by the debt collector**.

15 U.S.C. §1692g(3)(emphasis added). A consumer's decision not to dispute all or a portion of the debt within that time period "may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. §1692g(c).

A validation notice pursuant to Section 1692g must be conveyed effectively to a consumer. *Wilson,* 225 F.3d at 354. Using the "least sophisticated consumer" standard, a collection communication "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.*; *Brown,* 464 F. 3d at 454.

---

[2] Indeed, Ms. Harlan does dispute the validity of this debt – the medical provider was or should have been fully paid by insurance. Nonetheless, the protections afforded by the FDCPA apply regardless of whether the consumer owes the debt or not. *Baker v. GC Services*, 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).

4

The collection communication at bar can be read by the consumer to state or imply that someone other than the debt collector, such as a court or other entity of authority, will "presume" the debt valid. *See Smith v. Hecker*, 2005 WL 894812, *6 (E.D. Pa. Apr. 18, 2005).

**B. Defendants' Misstatement of the Validation Notice Requirements Violates the FDCPA**

Recent district court decisions from Pennsylvania provide ample guidance for the Court in disposing of this motion for judgment. In *Smith v. Hecker*, 2005 WL 894812 (E.D. Pa. Apr. 18, 2005), plaintiff brought claims under FDCPA Section 1692g and e alleging that defendant's validation notice violated the Act. Specifically, the validation notice read:

> "Unless you, the consumer, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assessed valid."

In *Smith*, Judge O'Neill held that the collector's validation notice was non-compliant and deceptive in at least two respects: (1) by replacing the statutory term "assumed" with a non-synonymous word: "assessed", and thereby imparting a different and confusing meaning; and (2) by omitting the statutory phrase "by the debt collector" which can lead to consumers believing that an entity other than the debt collector can assume their alleged debt to be valid. The analysis of the violations in *Smith*, and the two Pennsylvania federal district court cases that follow *Smith*, should control the Court's analysis here.

**1.** *The debt "will be assumed to be valid...", not "presumed to be valid"*

The *Smith* court held the defendant misstated the statutory notice language by stating the consumer's debt "will be *assessed* valid" if she did not dispute, which differs from the statutory language stating that the debt "will be *assumed* to be valid by the debt collector". *Id*. at *4; 15 U.S.C. §1692g(a)(3) (emphasis added). The court noted that "assess" and "assume" have very different meanings. Thus, the defendant's collection letter lent itself to numerous reasonable

5

interpretations of its validation notice, which violates the least sophisticated consumer standard. *See Smith*, 2005 WL 894812 at *5.

In *Nelson v. Select Fin. Servs.*, 430 F. Supp. 2d 455 (E.D. Pa. 2006), Judge Dalzell followed *Smith* and undertook a similar analysis where the offending collection letter read that the consumer's failure to dispute "verifies the validity of this debt." *Id.* at 456. The court held "assumed" and "verifies" have very different meanings, and that the collection letter could confuse the consumer "as to the effect of her inaction ... thereby making the statement in question deceptive." *Id.* at 458. As the letter was deceptive as a matter of law, summary judgment was awarded to the plaintiff consumer. *Id.*

In the instant case, NRA's notice states that absent dispute, "the debt will be *presumed* to be valid." See Ex. "A" hereto. This materially misstates the statutory language. "Presumed" is clearly different than "assumed." "Presumed" connotes a presumption, *i.e.* a rule of law or legal inference that a fact exists. *See* Black's Law Dictionary, 6th Ed. 2001, at "presumption". *See also Webster's 9th New Collegiate Dictionary*, 1987, at "presume" ("to act or proceed ... on a presumption"). A "presumption" usually has the legal effect of shifting the burden of production or persuasion onto a party opposing the presumption's existence. *See Black's*, *supra;* 1-301 WEINSTEIN'S FEDERAL EVIDENCE §301.02. By contrast, the word "assume" or "assumption" does not carry similar *legal* significance. *Webster's* defines "assume" as "to pretend to have" or to "feign". *See Webster's, supra* at "assume", "assumption". The function of the word "assume" in the Section 1692g(a)(3) notice is merely to allow the debt collector to proceed under what Judge O'Neill described as a "temporary fiction that the debt stated in the validation notice is true". *Smith*, 2005 WL 894812 at *4.

The failure to dispute an alleged debt does not have <u>any</u> legal impact. In *Velderman v. Midland Credit Mgmt.*, 2005 WL 2405959 (W.D. Mich. Sept. 29, 2005), the court held that "[a] person's failure to respond to a debt validation letter <u>does not even give rise to a presumption under the law</u> that he is liable on the debt." *Id.* at *8 (emphasis added). The *Velderman* court further stated that "the debt validation process is not intended to change the legal burden if the matter is taken to court . . . the debt collector cannot use the debtor's inaction as an admission of liability . . . and the burden to prove the debt claimed remains on the debt collector." *Id.* at *7.

"Presume" adds more force to the debtor's failure to dispute, implying that such provides for a legal presumption – either conclusive or rebuttable, and if rebuttable, infers some burden that a consumer must meet to rebut. This is not the function of the validation notice mandate. *Id. at *7-8; Wilson, supra* at 354. As held by Judge Dalzell in *Nelson*, a "debtor's inaction does not verify (i.e. confirm the truth of) the debt to the debt collector, nor to any court." *Nelson,* 430 F. Supp. 2d at 458; *see also* 15 U.S.C. §1692g(c) ("The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer"). Similarly, failure to dispute does not operate as some presumption that places or changes any burden on the consumer.

Defendants' choice to employ the language of presumption (presumed) has a different import than the mere "temporary fiction" that the statute allows. For the reasons articulated in *Smith* and *Nelson*, NRA's validation notice violates the FDCPA.

### 2. *Defendants' omission of "... by the debt collector" is a violation*

Second, the *Smith* court found that the defendant's letter violated the FDCPA when it omitted the pertinent language in the validation notice stating that the debt would be assumed valid "*by the debt collector*". *Smith*, 2005 WL 894812, *5-6; *see also* 15 U.S.C. §1692g(a)(3).

7

Because the collector omitted this language, Judge O'Neill held, the least sophisticated debtor "may be lead to believe that unless she disputes the validity of the debt asserted by the debt collector, her debt will be determined to be valid by a court, credit reporting agency, or other entity of authority." *Id*. at *6.

In *Galuska v. Collectors Training Institute of Illinois, Inc.*, 2008 WL 2050809 (M.D. Pa. May 13, 2008), Judge Caputo analyzed the *Smith* case at length in a matter where the sole shortcoming in the validation notice was the omission of the words "by the debt collector." *Galuska* at *1. The *Galuska* court held that the omission of the modifier "by the debt collector" was in and of itself enough for the plaintiff to state a claim for deceptive and misleading notice under the Fair Debt Collection Practices Act. *Id.* at *6. Following *Smith* and denying the defendant's arguments that the combination of two problems in the *Smith* notice yielded liability, the court held: "The *Smith* court gives no indication that the notice was ineffective solely based on the combination of problems arising in the notice. Rather, the *Smith* court analyzes the collection letter as if there were two separate deficiencies either of which would be legally sufficient to allege a claim pursuant to the FDCPA". *Galuska* at *4.

Like the notices in *Smith* and *Galuska*, NRA's notice omits entirely the required statutory modifier "by the debt collector". As thoughtfully addressed in both *Smith* and *Galuska*, omitting this language can lead the least sophisticated consumer to believe that someone other than the debt collector – i.e. a court, credit bureau, or other person or entity in authority – would be the ones to "presume" the debt to be valid. In addition to the violative use of the "presumed" language, NRA's omission of the qualifier "by the debt collector" makes this communication deceptive and misleading. Defendants' notice fails to set forth a proper validation notice,

8

§1692g, and is deceptive and misleading as a matter of law, §1692e, warranting judgment in Plaintiff's favor.

Judgment should be entered for liability. If the parties cannot settle on statutory damages and counsel fees, Plaintiff requests sixty (60) days to conclude discovery followed by a determination of damages and counsel fees. 15 U.S.C. §1692k.

## V. CONCLUSION

For the reasons articulated above, NRA's collection communication incorrectly states a consumer's validation rights under the FDCPA and is false, deceptive and misleading as a matter of law. Plaintiff Denise Harlan's Motion for Judgment on the Pleadings as to liability should be granted.

Respectfully submitted:

Date: May 26, 2010

*/s/ Andrew M. Milz (AMM8059)*
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0781

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE HARLAN,<br><br>        Plaintiff,<br><br>    vs.<br><br>NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY<br>    And<br>BUSINESS OFFICE SOLUTIONS, a division of NATIONAL RECOVERY AGENCY,<br><br>        Defendants. | CIVIL ACTION NO. 10-CV-324(CMR) |

**CERTIFICATE OF SERVICE**

I, Andrew M. Milz, hereby certify that on May 26, 2010, I electronically filed the within Motion for Judgment on the Pleadings, along with a Memorandum of Law, with the Clerk of Court using the CM/ECF system, with a copy sent by first class mail, postage prepaid, to:

Matthew L. Owens, Esquire
Owens Barcavage & McInroy, LLC
2000 Linglestown Road, Suite 303
Harrisburg, PA  17110

Said document is available for viewing and downloading from the ECF system.

Date:  May 26, 2010                                  */s/Andrew M. Milz*
                                                                    ANDREW M. MILZ