# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE HARLAN,<br>    Plaintiff,<br><br>vs.<br><br>NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY<br>    and<br>BUSINESS OFFICE SOLUTIONS, a division of NATIONAL RECOVERY AGENCY,<br>    Defendants. | CIVIL ACTION<br><br><br><br><br><br><br><br><br>NO. 10-CV-324(CMR) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT
OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, Denise Harlan filed her Motion for Judgment on the Pleadings (Doc. No. 10) dated May 26, 2010. On June 8, 2010, Defendants filed their Reply in Opposition (Doc. No. 11). The singular point on which Harlan submits reply is Defendants' assertion that the question of whether the 1692g validation notice violates the FDCPA is a question for the jury. In this circuit, whether the validation notice violates the FDCPA is a question of law for the Court.

Plaintiff asserts two bases for liability: (1) Defendants' letter is insufficient notice of the consumer's validation rights under 15 U.S.C. § 1692g, and (2) that the language used in Defendants' validation notice is deceptive or misleading, in contravention of 15 U.S.C. § 1692e. As relates to the failure to give the proper validation notice as required by § 1692g, the Third Circuit in *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000) expressly held that the determination is to be made by a court: "The majority of Courts to have considered [whether a confusing § 1692g notice violates the Act] have ... held that this determination involves a question of law. We agree with the majority...". (*Citing Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988); *Russell v. Equifax ARS,* 74 F.3d 30 (2d Cir. 1996)). Harlan submits that Defendants' notice

deviates from 1692g in two material regards. Under *Wilson*, the Court and not a jury makes this determination.

The validation notice here is <u>also</u> a deceptive representation under § 1692e. The *Wilson* Court held that a collection notice sent pursuant to § 1692g is "deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 354. Our Court of Appeals went on to adopt this standard for claims of deceptive representations under § 1692e. *See Brown v. Card Service Center*, 464 F.3d 450, 455 (3d Cir. 2006); *Rosenau v. Unifund*, 539 F.3d 218, 222 (3d Cir. 2008). Upon a plaintiff's <u>motion for judgment on the pleadings</u> in *Nelson v. Select Fin. Servs.*, 430 F. Supp. 2d 455, 458 (E.D. Pa. 2006), Judge Dalzell applied this standard to a validation notice which stated that a failure to dispute "verifies the validity of this debt." *Id.* In analyzing a misrepresentation within the validation notice similar to that at bar, the *Nelson* court held "at best, the conflicting messages could leave Nelson confused as to the fact of her inaction and wondering by whom the debt was verified." Following *Wilson*, the *Nelson* court held that conflicting readings of the collection notice rendered it deceptive as a matter of law under § 1692e. The motion for judgment on the pleadings was converted into summary judgment for Plaintiff.[1] *Id.* Here there are no facts in dispute. NRA's validation notice is subject to at least two or more meanings, at least one of which is inaccurate.[2]

Defendants cite *Dutton v. Wolpoff and Abramson*, 5 F.3d 649 (3d Cir. 1993) for the proposition that the "potential effect of the letter in question is a question for the jury." (*See* Def.

---

[1] Plaintiff submits that there is no need to similarly convert the present motion as there are no record facts in dispute and the only document at issue is the subject November 4, 2009 collection letter.

[2] These are the same types of conflicting meanings that concerned the *Nelson* court, *i.e.* is the debt "assumed" or "presumed" valid, and if so, by whom – "by the debt collector" or by someone else? To the extent NRA argues that the context of the letter "as a whole" negates any possible confusion, (*see* Def. br. at 8), it is mistaken. Put simply, reference to the "above named *creditor*" does not clarify to the consumer that the debt will be "presumed" valid "by the *debt collector*". Besides, the creditor named in the November 4, 2009 letter is "NORTHEAST IMAGING" and not NRA, as argued by Defendant. (*See* Ex. A to Pl's Mot. J. Pldgs., Doc. No. 10).

2

br. at 4). *Dutton* does not stand for that proposition, certainly not directly. In *Dutton*, the trial court submitted a deception question to the jury. On appeal, the circuit court affirmed the jury's verdict in favor of the consumer but did not confront the question of whether deception is always a question for the jury.[3] The jury in that case needed to resolve the fact-oriented question as to the import of the "present existence of liens" against the Plaintiff as stated in the Defendants' collection letter. *Id.* at 658. While there are certainly instances where a letter's deceptive statements should be weighed by a jury, here there is no fact dispute to be resolved and there are multiple conflicting meanings patent from the face of the letter. The question of whether the Defendants' validation notice is deceptive or misleading in this case presents a question of law for the Court. *See Wilson; Nelson, supra.*

**CONCLUSION**

As there are no disputed issues of fact before the Court, the Court may decide as a matter of law that Defendants' validation notice violated § 1692g of the FDCPA and constitutes a deceptive and misleading representation as a matter of law under § 1692e. Plaintiff's Motion for Judgment on the Pleadings should be granted as to liability.

                                              Respectfully submitted:

Date: June 11, 2010                      */s/ Andrew M. Milz (AMM8059)*
                                              CARY L. FLITTER
                                              THEODORE E. LORENZ
                                              ANDREW M. MILZ

                                              **LUNDY, FLITTER, BELDECOS & BERGER, P.C.**
                                              450 N. Narberth Avenue
                                              Narberth, PA 19072
                                              (610) 822-0781

                                              *Attorneys for Plaintiff*

---

[3] The *Dutton* court *did* hold that the defendant's failure to include the statutory notice required by §1692e(11) was a violation "as a matter of law". *Dutton*, 5 F. 3d at 657-58. This supports Harlan's argument that NRA's defective validation notice creates liability here and may be decided by the Court.

3