## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE HARLAN** | : | **CIVIL ACTION NO. 10-CV-324(CMR)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NRA GROUP, LLC d/b/a NATIONAL** | : | |
| **RECOVERY AGENCY and BUSINESS** | : | |
| **OFFICE SOLUTIONS, a division of** | : | |
| **NATIONAL RECOVERY AGENCY** | : | |
| **Defendant** | : | |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendants are debt collectors who, during the course of attempting to collect an account alleged due, sent Plaintiff an initial collection letter. The initial collection letter included and was sent pursuant to the FDCPA. The FDCPA requires that a validation notice inform the consumer of important rights under the Act, including the right to dispute a debt. Miller v. Payco-General American Credits, Inc., 943 F.2d 482, 483-84 (4th Cir. 1991).

Defendants letter send to the Plaintiff stated that "[u]nless you dispute this debt….., within 30 days after receiving this notice, the debt will be presumed to be valid." The notice did not state that the debt would be presumed valid only by the debt collector.

The Plaintiff has filed a Motion on the Pleadings as to Liability. Plaintiff has demanded Judgment alleging that Defendant has violated 1692g, specifically alleging that the Defendant used the wrong language and omitted necessary language in the 1692g Validation Letter, and that such usage and omission caused the Validation Letter to be false, deceptive and misleading as a matter of law pursuant to 15 U.S.C. 1692e.

Defendants have filed a response to the Motion for Judgment on the Pleadings.  That

Motion is still pending before the Court.  Due to the Court's Scheduling Order and specifically

the Motion for Summary Judgment deadline, the Defendants now file a Motion for Summary

Judgment.

## II.     QUESTION PRESENTED

DOES THE USE OF THE WORD "PRESUMED" IN A VALIDATION NOTICE
VIOLATE THE FDCPA

Suggested Answer:     No

DOES THE FAILURE TO INDICATE THAT THE DEBT WILL BE PRESUMED
VALID ONLY TO THE DEBT COLLECTOR VIOLATE THE FDCPA

Suggested Answer:     No

## III.    STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine issue as to any material fact

and . . . the moving party is entitled to judgment as a matter of law."  FED .R. CIV. P. 56(c);

see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving

for summary judgment bears the burden of showing "there is no genuine issue for trial." Young

v. Quinlan, 960 F.2d 351, 357 3 (3d Cir. 1992).  Summary judgment should not be granted

when there is a disagreement about the facts or the proper inferences which a fact finder could

draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir.

1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue

of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by

the moving party pointing out to the court that there is an absence of evidence to support an

essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor. Celotex Corp., 477 U.S. at 322-23. It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 4 (3d Cir. 1994) (citation omitted). However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original). "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

**IV.     LEGAL ARGUMENT**

      **A.     THE USE OF THE WORD "PRESUMED" IN A VALIDATION NOTICE IS NOT A VIOLATION OF THE FDCPA**

Plaintiff asserts in her complaint that Defendant's letter violates Section 1692g of the FDCPA because Defendant's use of the phrase "will be presumed valid" instead of the statutory phrase "will be assumed to be valid" and omission of the statutory phrase "by the debt collector" renders the letter an ineffective validation notice.

Plaintiff first argues in her response that the use of the phrase "will be presumed valid" instead of the statutory phrase "will be assumed to be valid" renders the letter an ineffective validation notice because it would confuse or deceive the least sophisticated debtor into believing that the debt will be determined to be valid by some entity of authority, rather than informing the least sophisticated debtor that the debt will be assumed to be valid for collection purposes unless disputed.

Defendant's collection letter cannot reasonably be interpreted to have two or more meanings, including the inaccurate one asserted by Plaintiff.  Neither the FDCPA nor its relevant case law define the term "assume." However, Black's Law 7 Dictionary defines "assume" to mean, in relevant part, "To pretend. . . . or to put on deceitfully, take appearance of, affect, or outwardly seem." Black's Law Dictionary (6th ed. 1990). *Merriam-Webster Online Dictionary* defines "assume" to mean, in relevant part, "4: To pretend to have or be: FEIGN 5: to take for granted  or true: SUPPOSE  6: to take over (the debts of another) as one's own." *Merriam-Webster Online Dictionary*. Thus, Section 1692g requires a debt collector to provide the debtor with a statement that unless the debt is disputed the debt collector will proceed under the temporary fiction that the debt is correct as stated in the validation notice.

Defendant's validation notice stated that "unless you, the consumer, within thirty

days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt

will be presumed valid."  Black's Law Dictionary defines "presumed" to mean, in relevant part,

"[t]o assume beforehand." Black's Law Dictionary (6th ed. 1990). Black's Law Dictionary

further states "[i]n a more technical sense, to believe or accept upon probable evidence."

     *Merriam-Webster Online Dictionary* defines "presumed" to mean in relevant part "to

undertake without leave or clear justification **: DARE** **2 :** to expect or assume especially with

confidence **3 :** to suppose to be true without proof  **4 :** to take for granted **: IMPLY**."

     According to both Black's Law Dictionary and Merrian Webster, not only do "assumed"

and "presumed" have similar meanings, "presumed" is defined by both  Black's Law Dictionary

and Merriam-Webster by the use of the word assumed.

     In light of these definitions, there is only one reasonable interpretation of Defendant's

validation notice. The least sophisticated debtor would believe that the failure to dispute the debt

within 30 days would result in a fiction that the debt was valid.

     Defendant respectfully requests that this Court find the use of the word presumed does

not violate the FDCPA, and further requests that the Defendants' Motion for Summary Judgment

be granted.

    **B.**    **THE OMISSION OF AN INDICATION THAT THE DEBT WAS TO BE**
              **PRESUMED VALID TO THE DEBT COLLECTOR DID NOT VIOLATE**
              **THE FDCPA**

     When reviewing a debt validation notice, the Court must review the document as a whole

in order to evaluate whether the notice would inform sufficiently a least sophisticated debtor of

his debt validation rights. See <u>Wilson v. Quadramed Corp.</u>, 225 F.3d 350, 354 (3d Cir. 2000)

(reviewing the entirety of the collection letter). See also, <u>Bartlett v. Heibl</u>, 128 F.3d 497, 500 (7th

Cir.1997); <u>Edmonds v. Nat'l Check Bureau</u>, Inc., No. 01-1289, 2003 U.S. Dist. LEXIS 17476,

*12 (S.D. Ind. July 31, 2003) ("In determining whether a collection letter comports with the requirements of the FDCPA, courts should not read selected passages out of context, but should consider the letter in its entirety."); <u>Farley v. Diversified Collection Servs., Inc.</u>, No. 98-2108, 1999 WL 965496, *3 (N.D. Ill. September 30, 1999) ("The test for whether the collection letter violates § 1692g is whether the letter, *taken as a whole*, would confuse the unsophisticated consumer about his or her rights.") (emphasis added); <u>Keen v. Omnibus Int'l, Inc.</u>, No. 98-3947, 1998 WL 485682, (N.D. Ill. August 12, 1998) ("[B]ecause overshadowing and contradiction are merely two mechanisms that create confusion, the true test remains whether the letter, taken as a whole, would confuse an unsophisticated consumer about his or her rights."). <u>Smith v. Hecker,</u>2005 U.S. Dist. Lexis 6598, 2005 WL 894812 (E.D. Pa. 2005).

When the debt validation notice phrase "this debt will be assumed (or in this case "presumed") to be valid" followed by the phrase "by the debt collector" the Court must review the entirely of the letter to determine if debtor was informed that the debt would be assumed (or in this case "presumed") to be valid by the debt collector. The letter will be deemed valid if other parts of the debt validation notice connect with the verb "presumed." See, <u>Smith v. Hecker</u>, Civ. A. No. 04-5820, 2005 U.S. Dist. LEXIS 6598, 2005 WL 894812 (E.D. Pa. 2005), <u>Galuska v. Collectors Training</u>, 2008 U.S. Dist. LEXIS 39508 (M.D. Pa. 2008).

In this case, the Defendant's letter, as a whole, clearly connects the verb "presumed" with the Defendant. The very next sentence of the subject letter states, "[s]hould you notify the above-named creditor in writing that you contest the debt…." The "above-named creditor" is clearly "Business Office Solutions, A Division of National Recovery Agency." This sentence connects the verb "presumed" with the debt collector as required by the FDCPA and the relevant case law.

The Defendant's omission of the term "by the debt collector" in the letter, when the letter is read as a whole, is not a violation of the FDCPA, and Defendant respectfully requests that the Defendants' Motion for Summary Judgment be granted.

## V.   CONCLUSION

For the reasons set forth above, the Defendant respectfully requests that the Defendants' Motion for Summary Judgment be granted.

Respectfully submitted,

**OWENS BARCAVAGE & McINROY, LLC**

*/s/Matthew L. Owens*

Date:  <u>July 9, 2010</u>                    By: _____

Matthew L. Owens, Esquire
Atty. I.D. 76080
2000 Linglestown Road, Suite 303
Harrisburg, PA  17110
(717) 909-2500
*Attorney for NRA Group, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Kara Straub, an employee of Owens Barcavage & McInroy, LLC, do hereby certify that on the 9th day of July, 2010, I served a copy of the foregoing document via the Court's ECF systems as follows:

Andrew M. Milz, Esquire
Lundy, Flitter, Beldecos & Berger, P.C.
450 N. Narbeth Avenue
Narbeth, PA  19072
*Attorney for Plaintiff, Denise Harlan*

                               *s/Kara Straub*_____
                                Kara Straub