## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE HARLAN,** | ) | |
| **Plaintiff**, | ) | **CIVIL ACTION** |
| | ) | **No. 10-cv-0324** |
| **v.** | ) | |
| | ) | |
| **NRA GROUP, LLC, d/b/a** | ) | |
| **NATIONAL RECOVERY AGENCY, *et al.*,** | ) | |
| **Defendants**. | ) | |

---

## MEMORANDUM OPINION

**RUFE, J.**                                                                      **February 9, 2011**

Before the Court is a motion for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure by Plaintiff Denise Harlan [doc no. 10], a motion for summary

judgment by Defendants NRA Group d/b/a National Recovery Agency and Business Office

Solutions, a division of the National Recovery Agency ("Defendants") [doc. no. 16], and

Plaintiff's Cross-Motion for Summary Judgment [doc. no. 18].  For the reasons that follow, the

Court will grant Plaintiff's Motion for Judgment on the Pleadings, and dismiss both Defendant's

Motion for Summary Judgment and Plaintiff's Cross-motion for Summary Judgment as moot.

### I.      OVERVIEW & FACTUAL BACKGROUND

Harlan alleges that Defendants[1] violated Sections 1692g and 1692e, and subsection

1692e(10), of the Fair Debt Collection Practices Act[2] when, on November 4, 2009, they sent her

---

[1]  NRA is a Pennsylvania Corporation and Business Office Solutions is a division of NRA.  Both
are debt collectors pursuant to 28 U.S.C. § 1692a(6).  Compl. ¶¶ 6–10; Ans. ¶¶ 6–10.

[2]  15 U.S.C. § 1692.

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15
U.S.C. § 1692k(d).

a collection notice for an account Defendants asserted was delinquent.  Section 1692g(a) of the Act requires that debt collectors send a consumer a written "validation notice," either in an initial collection notice or within five days of that notice, that informs the consumer of her right to dispute the validity of the debt, the time frame for doing so, and the debt collector's obligations to verify the debt if it is disputed."[3]  Among the required disclosures in the validation notice is "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."[4]  The validation notice that Harlan received departed from that statutory language by stating: "Unless you dispute this debt or any part thereof within 30 days after receiving this notice, the debt will be presumed to be valid.[5]

Harlan alleges that the use of "presumed" instead of "assumed" in the validation notice,

---

[3]  Wilson v. Quadramed Corp.,  225 F.3d 350, 354 (3d Cir. 2000).

Section 1962g requires the following specific disclosures in the notice:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the debt collector notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

[4]  15 U.S.C. § 1692g(a)(3).

[5]  Compl. Ex. A (Nov. 4 letter).

and the omission of "by the debt collector" at the end of that sentence violated not only Section

1692g, which requires effective notice of her validation rights, but also Section 1692e and

1692e(10), which provide that:

> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt [including]
> . . . .
> (10) [t]he use of any false representation or deceptive means to collect or attempt to
> collect any debt or to obtain information concerning a consumer.[6]

Based on the language in her validation notice, Harlan moved for judgment on the pleadings.

## II.    STANDARD OF REVIEW

On a motion for judgment on the pleadings, judgment may be granted only if "the movant

clearly establishes that no material issue of fact remains to be resolved and that [the movant] is

entitled to judgment as a matter of law."[7]  A court must view all facts and inferences drawn from

them in the light most favorable to the non-movant.[8]

Defendants argue that judgment on the pleadings is inappropriate because whether the

terms and omissions in the November 4 notice would render it ineffective or confuse, mislead, or

deceive the least sophisticated debtor (the test for liability under the Act) is a question of fact for

the jury rather than a question of law for this Court to resolve on the pleadings.[9]  The Court

disagrees.  The Third Circuit has held that whether Section 1692g disclosures would confuse the

---

[6]  15 U.S.C. § 1692e & e(10).

[7]  Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quotations and citation omitted).

[8]  Id.

[9]  See Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for J. on the Pleadings  ("Defs.' Resp.") at 2–4.

least sophisticated debtor is a question of law.[10]  Other courts have likewise found that

application of the least sophisticated debtor test to Section 1692e is a question of law.[11]

Defendants do not dispute that they sent the November 4 letter to Harlan or that it contained the

text she alleges.[12]  Nor have Defendants asserted the sole permissible affirmative defense

provided for under the Act—the "bona fide error" defense—that might, if raised, present

questions of material fact for a jury to resolve.[13]  In fact, other than the defense of failure to state

a claim, Defendants' asserted affirmative defenses are inapplicable to this case; nearly all of them

are boilerplate defenses relating uniquely to the Fair Credit Reporting Act, which is not the

statute at issue here.[14]  Accordingly, if the Court finds the Defendants' notice would confuse,

mislead or deceive the least sophisticated consumer, Defendants are strictly liable.[15]  And with no

material facts in dispute,[16] resolution on a 12(c) motion is appropriate.

---

[10]  Wilson, 225 F.3d at 353 n.2.

[11]  See Womack v. Nat'l Action Fin. Servs., No. 06-4935, 2007 WL 2155669, at *3 (E.D. Pa. July 25, 2007) (noting that "[a]lthough the Third Circuit has not expressly found the application of the least sophisticated consumer standard to be a matter of law under § 1692e, other circuits have," and citing cases).

[12]  Defs.' Resp. at 1.

[13]  See 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable . . . if [it] shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.").

[14]  See Ans. [doc. no. 5] at 4–6

[15]  See 15 U.S.C. § 1692k(a), (c); Allen ex rel. Martin v. LaSalle Bank, N.A., -- F.3d --,  2011 WL 94420, at *3 (3d Cir. 2011) ("The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation.").

[16]  Defendants have conceded that no questions of fact remain by seeking summary judgment against Harlan.  See generally doc. no. 17.

The Court further notes that Defendants also assert incorrectly that Nelson v. Select Financial

## III.    DISCUSSION

### a.  The Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act[17] is a remedial statute, the purpose of which is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[18]  To carry out the Act's remedial purposes, courts are to broadly construe its terms.[19]  As a result, whether a validation notice complies with Section 1692g or is false, misleading or deceptive under Section 1692e is evaluated from the perspective of "the least sophisticated debtor" rather than from that of a reasonable debtor.[20]  That standard protects both the "gullible and the shrewd" without permitting "bizarre and idiosyncratic" interpretations of the notice[21] or relieving the "willfully blind or non-observant" of their responsibilities to carefully review collection notices.[22]

---

Services was not decided on a Rule 12(c) motion.  See Defs.' Resp. at 3.  There the court merely converted the Rule 12(c) motion to a summary judgment proceeding because of additional evidentiary submissions outside of the pleadings, and found *as a matter of law* the debt collector's communication to be deceptive.  See 430 F. Supp. 455,  455 n.1, 458 (E.D. Pa. 2006).

[17]  15 U.S.C. § 1692.

[18]  Id. § 1692(e).

[19]  Brown v. Card Servs. Ctr., 464 F.3d 450, 453 (3d Cir. 2006).

[20]  Id. at 454 (holding "lendor-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor"); Wilson, 225 F.3d at 354–55 (analyzing Section 1692g disclosures from perspective of least sophisticated debtor).

[21]  Wilson, 225 F.3d at 354–55 (citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993)) (quotations omitted).

[22]  Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008).

Though use of the exact statutory language under Section 1692g will ordinarily result in a finding that the communication is not false, misleading or deceptive,[23] validation notices need not necessarily track the statutory language verbatim to be compliant. Instead, to comply with Section 1692g, a communication must effectively communicate—both in form and substance—the statutory validation notice.[24] This requires *inter alia* that the mandated notice of the debtor's rights "must not be overshadowed or contradicted by accompanying messages from the debt collector"[25] or otherwise be deceptive.[26] Language that "would make the least sophisticated consumer uncertain as to her rights" does not meet the standard for the required notice.[27] Moreover, a collection letter is deceptive when it can "'be reasonably read to have two or more different meanings, one of which is inaccurate.'"[28]

**b.     Use of "Presumed" & Omission of "by the Debt Collector"**

The Court has little difficulty in finding that Defendants' use of "presumed," together with their omission of "by the debt collector" and language with similar meaning, violated the Act.

Though Defendants are correct that "presumed" is a synonym for "assumed," their assertion that the word is not susceptible to two reasonable interpretations is mistaken. To be

---

[23]   See Jang v. A.M. Miller & Assocs., 122 F.3d 480, 484 (7th Cir. 1997).

[24]   Wilson, 225 F.3d at 354–55.

[25]   Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991); see also Wilson, 225 F.3d at 354.

[26]   Smith v. Hecker, No. 04-5820, 2005 WL 894812, at *3 (E.D. Pa. Apr. 18, 2005).

[27]   Wilson, 225 F.3d at 354 (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)).

[28]   Id.

sure, "presumed" can be synonymous with "assumed" in some contexts.[29] But it also has a legal meaning, which takes on particular significance in the context of debt collection. Even non-legal dictionaries define "presumed" as "to suppose to be true without proof, [as in] presumed innocent until proved guilty."[30] And a presumption—the thing presumed—is a "legal inference" that "shifts the burden of production or persuasion to the opposing party."[31] The party enjoying the benefit of the presumption, of course, prevails in legal proceedings if the opposing party does nothing to rebut it (in the case of rebuttable presumption). One need never have opened a law book to comprehend the burden-shifting implications when something is "presumed:" any one of a number of television crime dramas exposes consumers to the notion of the presumption of innocence and the resulting burden on the government to prove otherwise. And in the context of a debt collection notice—often a precursor to formal legal action—interpreting "presumed" as taking on its legal meaning would hardly be bizarre or idiosyncratic. The least sophisticated debtor could reasonably conclude from Defendants' letter that any inaction could shift to the debtor the burden of disproving the debt's validity in any subsequent legal proceeding.[32] At a minimum, this language creates significant uncertainty about what rights the debtor has if she fails to dispute the debt within 30 days.

---

[29] See, e.g., Merriam-Webster's Collegiate Dictionary 922 (10th ed. 2001) (defining "presume" to mean *inter alia* "to expect or assume especially with confidence").

[30] Id.

[31] Black's Law Dictionary 1223 (8th ed. 2004).

[32] Cf. Nelson v. Select Fin. Servs., Inc., 430 F. Supp. 2d 455, 457–58 (E.D. Pa. 2006) (stating that debtor's failure to dispute "verifies the validity of the debt" violated the Act by suggesting failure substantiates the truth of the debt); Hecker, 2005 WL 894812 at *4–5 (use of "assessed" rather than "assumed" violated the act because least sophisticated investor could believe failure to dispute might mean court, credit reporting agency or other entity would determine the debt to be valid).

Moreover, Defendants' omission of language indicating that it is the *debt collector* that will assume the validity of the debt only fuels the confusion. Though Defendants need not use the verbiage "by the debt collector," courts have held that they must include some language that makes clear it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose.[33] This is particularly so here, where Defendants informed Harlan that the debt would be "presumed" valid without specifying by which entity. Given the legal connotations of that word, the least sophisticated debtor could reasonably believe that failure to dispute the debt would create an evidentiary presumption of validity *by a court* or other entity of authority in a subsequent collection proceeding.

And, of course, that interpretation is inaccurate. The statutorily required validation notice is intended to convey to the consumer that failure to dispute the debt permits the debt collector to proceed for collection purposes on the "temporary fiction" that the debt is valid.[34] Failure to dispute a debt has no legal effect on a debtor's rights, and a court may not construe such failure

---

[33] See Galuska v. Collectors Training Inst. of Ill., Inc., No. 07-2044, 2008 WL 2050809, at *5 (M.D. Pa. May 13, 2008) (failure to include "by the debt collector" or words such as "we" or "this office" in the required disclosure would lead least sophisticated debtor to believe the debt would be assumed valid by some other entity); Hecker, 2005 WL 894812 at *4–5 (omission of "by the debt collector" would lead a least sophisticated debtor to believe that unless she disputes the validity of the debt . . . her debt will be . . . determined to be valid by a court, credit reporting agency, or other entity of authority [or] imposed upon her using a valid procedure . . . .").

[34] Hecker, 2005 WL 894812 at *4.

The Parties lay out the definition of "assumed" from a variety of dictionaries and do not disagree as to its meaning. See Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings ("Pl.'s Mem.") at 6; Defs.' Resp. at 4. The Court need not repeat the definitions here.

as an admission of liability.[35]  In any subsequent collection action, the burden would remain on

the debt collector-plaintiff to prove the validity of the debt.

Defendants correctly assert that this Court should evaluate the effect of the letter as a

whole on the least sophisticated debtor.[36]  But doing so does not alter the outcome here.

Defendants' collection letter, in its entirety, reads:

> Your account with NORTHEAST IMAGING is presently delinquent.  The amount due and owing is $60.00.
>
> Unless you dispute this debt or any part thereof, within 30 days after receiving this notice, the debt will be presumed to be valid.  Should you notify the above-named creditor in writing that you contest the debt, or any portion thereof, the creditor will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request the creditor in writing within 30 days after receiving this notice, the creditor will provide you with the name and address of the original creditor if different from the current creditor.
>
> Should your payment or dispute not be received within 30 days from the date of this notice, this debt will be considered for referral by our client to the National Recovery Agency for collection activity.
>
> The purpose of this communication is to collect a debt and any information obtained will be used for that purpose.
>
> . . . .
>
> This Communication is from a debt collector.[37]

Defendants contend that reference in the third sentence of the letter to the "above-named

creditor . . . clearly connects the verb 'presumed' with the Defendants" and that the letter as a

---

[35]  15 U.S.C. 1692g(c).

[36]  See Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 300 (3d Cir. 2008) (evaluating whether settlement offers, viewed as a whole, violated the Act); Hecker, 2005 WL 894812 at *6 (citing cases).

[37]  Compl. Ex. A.

whole makes clear which entity will be presuming validity.[38]  The Court disagrees.  Each

subsequent statement in the letter refers to the debt collector's independent obligations relating to

verification that are triggered when the debtor contests the debt; they have no bearing on what

will be presumed and by whom if the debtor fails to contest the debt.  As such, they do not cure

the prior defects.[39]

Accordingly, this Court finds the use of "presumed," together with the omission of "by

the debt collector" or similar clarifying language, is susceptible to two or more different

interpretations and would create uncertainty about the debtor's rights.  This defect renders the

validation notice ineffective in violation of Section 1962g, and deceptive in violation of Sections

1962e and 1962e(10).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Judgment on the

Pleadings and this matter will proceed to assessment of damages and costs[40] pursuant to 15

U.S.C. § 1692k.  An appropriate Order follows.

---

[38]  Defs.' Resp. at 7–8.

[39]  See Hecker, 2005 WL 894812 at *6 (noting that subsequent references to the debt collector did not render omission of "by the debt collector" less misleading).

[40]  The Act permits actual damages, plus statutory damages of up to $1,000 and reasonable attorney's fees and costs.  15 U.S.C. § 1692k(a).  The parties have agreed to cap actual and statutory damages in the event of finding of liability at $1,000 total.  See Pl.'s Resp. in Opp'n to Defs.' Mot for Summ. J. & Cross-Mot. for Summ. J, Certification of Andrew Milz &. Ex. A (noting parties have agreed to total damages of $1,000 upon a finding of liability).